POLLY SOUTHERN RING v. LAWRENCE DeWITT RING.

(Filed 12 April, 1967.)

**Divorce and Alimony § 21—**

Allegations that defendant had wilfully refused to make subsistence payments as directed by prior judgment of the court, G.S. 50-16, supports plaintiff's motion that defendant be attached for contempt, placing the burden on defendant to show facts constituting justification, and demurrer to the motion is improperly sustained when the motion does not allege facts affirmatively disclosing conduct relieving defendant of further obligations under the judgment, and its allegation of a temporary resumption of cohabitation induced by fraudulent misrepresentations *held* insufficient to establish such defense, which should be determined upon plenary hearing on return of the order to show cause.

APPEAL by plaintiff from *Gambill, J.*, January 31, 1967 Civil Session of FORSYTH.

The decision below sustained defendant's demurrer *ore tenus* to plaintiff's amended motion that defendant be attached for contempt for wilful failure to comply with the provision of a judgment entered in this cause on May 13, 1966, in which it was "ORDERED, ADJUDGED AND DECREED that the defendant pay into the Domestic Relations Court of Forsyth County the sum of $30 per week, beginning on Friday, the 20th day of May, 1966, and continuing thereafter on each and every succeeding Friday until the plaintiff, Polly Southern Ring, dies or remarries, said sum to be disbursed by said Court to Polly Southern Ring for her separate maintenance and support." The motion alleged that defendant was then in arrears in the amount of $410.00.

Plaintiff instituted this action on April 25, 1966, under G.S. 50-16, for subsistence and counsel fees. She alleged, *inter alia*, that she and defendant were married on October 1, 1955; that they lived together as husband and wife until on or about July 25, 1965, when defendant abandoned plaintiff "for another woman"; and that no children had been born of their marriage. No answer was filed by defendant. On May 13, 1966, by and with the consent of the parties and their counsel, the judgment containing the provision quoted above was entered.

Plaintiff's amended motion, which was filed December 28, 1966, asserts defendant made the payments of $30.00 a week as required by the judgment of May 13, 1966, "until on or about October 6, 1966, when he stopped." She asserts defendant, while in arrears in his payments, "begged the plaintiff to permit him to return home"; that he represented to her "that he wanted to come home and resume the marriage relation, and that he wanted to live with the plaintiff"; that, in fact, these representations and promises were false and fraudulent in that defendant "at no time intended to fulfill" said representations and promises and his only purpose and intent was to relieve himself of the burden of continuing to make payments as required by said judgment of May 13, 1966, for plaintiff's separate maintenance; that plaintiff, by reason of defendant's false and fraudulent representations and in reliance thereon, permitted defendant to return home "on a trial basis"; that, under these circumstances, he returned home on Wednesday, November 2, 1966, "and stayed two days, and then left, not to return"; that the two days that defendant spent with plaintiff, as a result of defendant's false and fraudulent representations, did not constitute a *bona fide* resumption of the marriage relation and did not relieve defendant of his obligations under said judgment of May 13, 1966. If it should

RING *v.* RING.

be held, contrary to her contentions, that defendant was relieved of further obligation to make payments as required by said judgment, plaintiff asserts alternatively the court should award to her "reasonable maintenance separately from the defendant, suit money, and counsel fees in a reasonable amount."

Defendant demurred *ore tenus* to said amended motion. The court entered judgment sustaining this demurrer and taxing "the costs of this action . . . against the plaintiff." Plaintiff excepted and appealed.

*H. Glenn Pettyjohn for plaintiff appellant.*
*Hayes & Hayes for defendant appellee.*

PER CURIAM. The record is silent as to the ground of objection interposed and considered in the court below as a basis for the demurrer. Defendant contends, in his brief, that the judgment for alimony was annulled "by his reconciliation and resumption of cohabitation with plaintiff."

The hearing below was on return of an order directing that defendant show cause why he should not be punished for contempt for wilful failure to pay $30.00 per week to plaintiff for her separate maintenance in accordance with said judgment of May 13, 1966. A motion for such an order need not allege facts with the particularity required when alleging a cause of action or an affirmative defense. The allegation that defendant had wilfully failed to make the payments required by the judgment and was in arrears in a substantial amount would seem a sufficient basis for the issuance of the show cause order.

Assuming defendant has wilfully failed to make the payments required by said judgment, it would be incumbent upon him to show facts constituting justification. Absent a hearing and findings of fact, the only question presented by this appeal is whether the facts alleged in plaintiff's amended motion affirmatively disclose such conduct as to relieve defendant from further obligation to pay for plaintiff's separate maintenance either as provided in said judgment or in accordance with any further order in this cause. When considered in the light most favorable to plaintiff, this question must be answered, "No." Accordingly, the judgment of the court below is vacated; and the cause is remanded for a plenary hearing on return of the order to show cause. From the evidence adduced at such hearing, the court will find the facts and enter judgment thereon.

Error and remanded.